## Jones v. Bowman, et al.

(Decided October 25, 1918.)

## Appeal from Knox Circuit Court.

1. Corporations—Payment of Stock.—Stock in a corporation can be paid for with property, but, if paid for with property, the property must be actually received and applied to the purpose for which the corporation is created, and must not be received in payment, at a greater value than the market price, at the time the property is delivered. It must be an equivalent to money.

2. Corporations—Insolvency.—The creditor of an insolvent corporation can make a subscriber to the stock, in the corporation liable to the payment of his debt, to the extent, that the stockholder has failed to pay for his stock.

3. Corporations—Subscriptions— Delinquent Subscriber.— Unless a special contract, to that effect was made, between the transferror and transferee, a delinquent subscriber for the stock of the corporation, who is made liable for the amount of the unpaid for stock to the creditors of the corporation, can not recover the amount he is required to pay on account of the unpaid subscription from the person, to whom he has transferred the unpaid for stock.

J. D. TUGGLE for appellant.

DISHMAN & TINSLEY for appellee, Bowman.

BLACK & OWENS for appellee, Evans.

OPINION OF THE COURT BY JUDGE HURT—Affirming in part and reversing in part.

The appellee, H. W. Bowman, recovered a judgment against the Jones-Hughes Coal Co. for $542.00 and costs, amounting to thirty-one dollars. The Jones-Hughes Coal Company was a corporation, which was organized under the laws of this state, for the purpose of mining and selling coal. The capital stock authorized, was $20,000.00 divided into two hundred shares of the par value of one hundred dollars, per share. The stockholders, were the appellant, W. M. Jones, the appellee, E. E. Evans, T. J. Payne and Mrs. S. E. Hughes. Jones, Evans and Payne, each subscribed for, and received thirty-three shares, of the par value of $3,300.00. Mrs. Hughes held one share. These were the stockholders, when the debt was created for which Bowman recovered his judgment, and were the only stockholders, when the

judgment was recovered. After having an execution of *fieri facias* issued upon his judgment against the Jones-Hughes Coal Company, and a return by the sheriff, that there was no property found to satisfy it, Bowman instituted this action against Jones, Evans and Mrs. Hughes, in an endeavor to have them adjudged liable for his judgment and to recover it against them. He alleged, as the ground of his recovery, that the corporation was insolvent, and had no property, and had ceased to do business, and that Jones and Evans, each, owed the corporation for the stock which they owned, in the sum of $3,300.00, each, and that Mrs. Hughes owed it for her stock, the sum of $100.00, it being averred, that neither of these persons had ever paid the corporation for any of the stock owned by them. T. J. Payne was not sued, because he had, since the debt was created by the corporation, made application for and received a discharge as a bankrupt.

Each of the defendants filed answers. Jones and Hughes contented themselves with denying that they had never paid for the stock owned by them, or that they, or either of them, yet owed the corporation for any of the stock held by them. Evans, in addition to denying, that he owed anything to the corporation for his stock, affirmatively alleged that he had sold and transferred his stock to Jones, or to Jones and John Moore, more than two years, before the institution of this action, and relied upon the limitation provided by section 547, Ky. Stats., as a bar to any recovery against him. He made his answer a cross-petition against Jones and John Moore, and averred that he transferred his stock to Moore, at the instance and direction and by the procurement of Jones, and that he did not know whether Jones had procured the transfer to Moore, for his own benefit, or for the benefit of Moore, but, by the transfer, Jones and Moore became the holders and owners of his stock, and succeeded to all the rights and liabilities of Evans, as the prior holder of the stock, and were bound for any indebtedness of the corporation to Bowman, and prayed, that, in the event, the court should adjudge that he, Evans, was liable for the debt held by Bowman, he have a judgment over against Jones and Moore, for the amount of any judgment against him. Jones, by reply, denied any liability, in any event to Evans, or that he was the owner or holder of the stock formerly owned

by Evans. Bowman denied, by reply, the sale or trans-
fer by Evans of his stock, or his release from liability
upon that account. After the taking and filing of a
great deal of evidence, by way of depositions, the action
was submitted for trial and judgment. The court ad-
judged, that Jones and Evans were stockholders, in the
corporation, at the time, the Bowman debt was created,
and at the time he recovered a judgment upon it against
the corporation; that each of them was the owner of
$3,300.00, par value of the stock, and had never paid the
corporation only fifty dollars, each for the stock, and
that each of them yet owed it $3,250.00, for the stock
subscribed for and received by each of them; and that
Bowman recover against them, individually, the amount
of his judgment; but, that whatever sum Evans was re-
quired to pay of the judgment, he should recover of
Jones, and might have an execution against Jones, there-
for. The petition, as to Mrs. Hughes, was dismissed,
as there was no evidence, which conduced to prove, that
she had not fully paid for her stock. Evans, however,
has never appealed from the judgment in favor of Bow-
man against him and Jones, and hence, the matters re-
lied upon by Evans as a defense to the action are not
here for consideration. Jones has appealed from both
judgments.

(1)  There is no contention, but, what, as provided
by section 547, Ky. Stats., Jones is liable to Bowman, as
a creditor of the corporation for the full amount of the
unpaid for stock, which was subscribed for by him, and
it is conceded, that the amount of stock subscribed for
by him and issued to him was thirty-three shares of the
par value of one hundred dollars, per share. The only
issue between him and Bowman, was, whether he had
paid for the stock. Jones did not contend, that he had
paid for the stock subscribed for by him, with money,
but, that he had paid for it by the transfer to the corpor-
ation of his interest, in certain partnership property,
consisting of a small stock of merchandise, mining tools
and machinery, and certain mining leases.

While it has been a subject of controversy, in certain
jurisdictions, as to whether a subscription to the capi-
tal stock of a corporation can be paid, otherwise, than
with money, and certain courts, have held, to that effect,
the question is settled in this state, by section 193, of the

Constitution and section 568, Ky. Stats. By the provisions of these sections the subscriptions to stock in corporations may be paid for by services or with property. When a payment for stock is undertaken to be shown to have been made with property, the property must have been "actually received" by the corporation and "applied to the purposes for which such corporation was created."

Further, neither property nor services can be received in payment for stock "at a greater value than the market price at the time the said labor was done or property delivered." This is in accordance with the general rule, which is, that the value of the property to be received in payment for stock, must represent to the corporation the "just, lawful and needed equivalent for the money subscribed." 7 R. C. L. 245.

Applying the rule fixed by the Constitution and the statute to determine the essentials to a payment for stock, in a corporation, with property, it is clear, from the evidence, that Jones' subscription to the stock was largely unpaid—not to the extent, that it was adjudged by the circuit court, but, to an amount, in excess of Bowman's debt. The evidence consisted of many facts and circumstances, requiring a large number of pages to record them, and it would not be profitable to recite them, here.

(2) The appellee, Evans, testifies, that, something over two years before this action was filed by Bowman, he was then owing Jones a note, the balance unpaid upon which, was then $100.00, and a note for $200.00; that he sold his stock to Jones, who directed him to transfer it to John Moore, which he did; that the consideration for the sale and transfer of his stock, was that Jones turned over to him the $100.00 note, and promised him, that if he made that much out of handling the stock, he would give him the $200.00 note, but, he afterwards paid off the $200.00 note to Jones. This seems to have been a sale of his stock, according to his own version of it, to Jones or to Moore, for a consideration agreed upon between him and Jones. There is neither claim nor proof, that at the time of this sale, and as a part of the contract, Jones should hold Evans harmless, in his liability, either to the corporation or to its creditors as a holder of the stock, which he was dispos-

ing of. The contention of Evans seems to be, that under section 545, Ky. Stats., if a subscriber to stock in a corporation should be made liable to a creditor of the corporation because of having failed to pay for the stock, which he received, he could recover from one to whom he had sold and transferred the stock, the amount which he was required to pay the creditor. Manifestly, this contention is not tenable. It would amount to a reward to a derelict subscriber for a failure to discharge his own obligation. It would seem to be more in accordance with equity that if the innocent transferee was made liable to the corporation for the unpaid stock, that he would be entitled to recoupment from the transferor. A distinction must be drawn between a transfer of stock, in those corporations where the owners of stock are subject to a liability in double the amount of the par value of their stock for the benefit of creditors, and in those corporations, where the subscriber is made liable to creditors for the unpaid portion of his stock. The rule announced in Robinson-Petitt Co. v. Sapp., 160 Ky. 445, applies to the right of transferee and transferor, in those coporations where the owner of stock is liable to double the value of his stock for the benefit of creditors. Section 545, Ky. Stats., imposes the liabilities of a prior stockholder to the transferee, but, it does not create any obligation upon the transferee in favor of a derelict subscriber of stock, who makes a transfer of it. Hence, without undertaking to determine, what the obligations of transferees of unpaid stock are to the corporation or its creditors, we are of the opinion, that the derelict subscriber has no cause of action against his transferee, when he is made to comply with his obligation to pay for the stock, which he has sold.

The judgment in favor of Bowman against Jones is therefore affirmed, but, the judgment in favor of Evans against Jones is reversed, and the cause remanded with directions to set aside the judgment in favor of Evans and to dismiss his counterclaim.